IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAMES D. BUTLER, III,** ) | |
| Plaintiff ) | |
| ) | |
| v ) | **Case No.:** |
| ) | |
| **UNITED RECOVERY SYSTEMS,** ) | **COMPLAINT AND DEMAND FOR** |
| Defendant ) | **JURY TRIAL** |
| ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JAMES D. BUTLER, III ("Plaintiff"), by his attorneys, ANGELA K. TROCCOLI, ESQUIRE, and Kimmel & Silverman, PC, alleges the following against UNITED RECOVERY SYSTEMS ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Hartford, Connecticut at the time of the alleged harassment.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 5800 N. Course Drive, Houston, Texas, 77072.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff for an auto loan.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. In or around January 2011, Plaintiff spoke with Defendant's representative "Thomas Hall" in regards to an alleged debt owed on an auto loan.

18. Plaintiff agreed to enter into a monthly payment arrangement of $156.00 a month to be paid on the 30th of every month via money order.

19. Plaintiff began paying $156.00 a month and continues to make the agreed upon monthly payments. <u>See</u> Exhibit A, Receipts for money orders in the amount of $156.00

20. Despite Plaintiff making the agreed upon monthly payments, beginning in or around January 2011 and continuing through June 2011, Defendant made continuous and repeated calls to Plaintiff's cellular and home telephone numbers in an attempt to collect a consumer debt from Plaintiff.

21. Defendant and its employee identified as "Thomas Hall," harassed Plaintiff in an attempt to collect the alleged debt.

22. Plaintiff received telephone calls and voice messages from Defendant on a number of occasions from the following phone number (860) 256-8036. The undersigned has confirmed that the number belongs to Defendant.

23. Defendant placed at least two (2) to three (3) repeated calls to Plaintiff's telephone every month.

24. Mr. Hall continued to call Plaintiff once a month after the payment plan had been

arranged.

25. On several occasions, Plaintiff inquired as to why Mr. Hall kept calling, when Plaintiff was making monthly payments on time in accordance to the agreement.

26. In response Mr. Hall has used various excuses, such as: "these calls are a courtesy reminder call as you [Plaintiff] are one of the rare clients that actually pays," "I have not been calling you, only automated calls have been dialing your number, not live operators" and "I thought your payment was due on the 20th of the month not the 30th, thus I was calling to see where your payment was."

27. Once, Plaintiff received a hang-up telephone call from Defendant.

28. Plaintiff immediately dialed the number back only to be connected to Mr. Hall who made the excuse that Plaintiff's number must have been dialed by "accident."

29. At least twice a month Plaintiff receives calls from Defendant to his home telephone and cellular telephone from an automated answering system, informing him that the calls are being placed in an attempt to collect a debt.

30. Further, when contacting Plaintiff on his telephone, upon information and belief, Defendant used an automated telephone dialing system or pre-recorded or artificial voice.

31. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his telephone by the use of an automatic telephone dialing system or pre-recorded or artificial voice prior to Defendant's placement of the calls.

32. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

33. Plaintiff found these calls to be harassing and annoying as he was already complying with the monthly payment plan and there was nothing more that he could do.

34.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

**CONSTRUCTION OF APPLICABLE LAW**

35.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

36.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

37.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and

experienced does not change its character, nor take away its power to deceive others less experienced." Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

**COUNT I**

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

38. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, by calling Plaintiff repetitively, in violation of 15 U.S.C.§1692d;

   b. When it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff, in violation of 15 U.S.C. §1692d(5);

   c. When it used false, misleading and deceptive means in connection with the collection of an alleged debt, in violation of 15 U.S.C. §1692e;

   d. When it used false representation or deceptive means to violation of 15 U.S.C. §1692e(10); and

   e. When it used unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt by constantly calling his home and cell phone after he was already making the agreed monthly payments, in violation of 15 U.S.C. §1692f; and

      f.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMES D. BUTLER, III, respectfully prays for a judgment as follows:

    a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES D. BUTLER, III, demands a jury trial in this case.

Respectfully Submitted,

JAMES D. BUTLER, III
By his Attorney,

*/s/* Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: November 18, 2011